UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------- x
:
GREGORY CHARLES PUZYCKI  :  3:09 CV 1894 (PCD)
:
V.  :
:
MICHAEL J. ASTRUE  :
COMMISSIONER OF SOCIAL SECURITY  :  DATE: JANUARY 31, 2011
:
------------------------------------------------------- x

## RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

On January 17, 2007, plaintiff Gregory Charles Puzycki filed his applications for DIB and SSI, alleging an inability to perform substantial gainful activity since June 22, 2004. (See Dkt. #2). Plaintiff's applications were denied, and on May 9, 2008, a Federal Reviewing Officer also denied plaintiff's claims. (Id. at 2). A hearing was held before ALJ Ronald J. Thomas on May 5, 2009, at which plaintiff was represented by counsel. (See id.). On July 1, 2009, ALJ Thomas issued his unfavorable decision, and the Decision Review Board selected ALJ Thomas' decision for review but failed to act within the requisite ninety day time frame, thus rendering the ALJ's decision the final decision of the Commissioner. (Id. at 3).

On November 20, 2009, plaintiff filed his Complaint (Dkt. #2), and five days later, Senior United States District Judge Peter C. Dorsey referred this matter to this Magistrate Judge. (Dkt. #5; see also Dkt. #10). On February 19, 2010, defendant filed his Answer. (Dkt. #11). On July 8, 2010, plaintiff filed his Motion to Reverse the Decision of the Commissioner, or in the alternative, for Remand, (Dkt. #20; see Dkts. ##12-13, 16-19), and on September 7, 2010, defendant filed his Motion to Affirm the Decision of the

1

Commissioner. (Dkt. #21). On November 23, 2010, this Magistrate Judge issued a Recommended Ruling granting in part plaintiff's Motion such that the matter was

> remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for a thorough review of the objective medical evidence and the corresponding assessments of the claimant's treating physicians; a review of all of plaintiff's impairments and their effect on his ability to work, including soliciting the testimony of a vocational expert, if appropriate; a review of plaintiff's credibility in light of the treating physicians' assessments; and a review of the opinions of the treating physicians, which, if rejected, will be done so with stated specificity.

(Dkt. #23, at 55-56). One month later, on December 20, 2010, Judge Dorsey entered his Order approving and adopting the Recommended Ruling. (Dkt. #24). That same day, plaintiff filed the pending Motion for Attorney's Fees, with brief and affidavits in support (Dkt. #25),[1] which has not been opposed by defendant. On December 21, 2010, judgment entered in favor of plaintiff and this case was closed. (Dkt. #26).

A party who prevails in a civil action against the United States may seek an award of fees and costs under the Equal Access to Justice Act ["EAJA" or "Act"], 28 U.S.C. § 2412, the purpose of which Act is "to eliminate for the average person the financial disincentive to challenging unreasonable government actions." Comm'r, I.N.S. v. Jean, 496 U.S. 154, 163 (1990)(footnote & citation omitted). In order for an award of attorney fees to enter, this Court must find that plaintiff is a prevailing party, that the Commissioner of Social Security's opposition to the original motion to remand was without substantial justification, that no special circumstances exist that would make an award unjust, and that the fee petition was filed within thirty days of final judgment. 28 U.S.C. § 2412(d)(1)(B)-(D).

---

[1] Attached to plaintiff's brief is plaintiff's affidavit, sworn to on December 8, 2010, an affidavit of plaintiff's counsel, sworn to on December 9, 2010, and the log of plaintiff's counsel's time spent on this case from April 23, 2010 through July 6, 2010 ["Time Sheet"].

As stated above, judgment entered in this case on December 21, 2010 and plaintiff's Motion for Attorney's Fees was filed one day prior to the entry of judgment. A "final judgment" under 28 U.S.C. § 2412(d)(1)(B) means a "judgment rendered by a court that terminates the civil action for which EAJA fees may be received." Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991). "The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired." Id. at 96; see Shalala v. Schaefer, 509 U.S. 292, 302-03 (1993) ["Schaefer"].[2] Thus, plaintiff's Motion is timely.

As stated above, in this Magistrate Judge's Recommended Ruling, which was approved and adopted by Judge Dorsey, this case was remanded to the ALJ for a thorough review of the objective medical evidence; a review of all of plaintiff's impairments and their effect on his ability to work, including soliciting the testimony of a vocational expert, if appropriate; a review of plaintiff's credibility in light of the treating physicians' assessments; and a review of the opinions of the treating physicians, which, if rejected, will be done so with stated specificity. (Dkt. #23, at 55-56). Thus, plaintiff was the prevailing party in this action as plaintiff achieved "some of the benefits . . . sought in bringing suit." Schaefer, 509 U.S. at 302 (citation & internal quotations omitted). Further, as plaintiff observes in his brief, the Recommended Ruling "makes it clear that the defendant failed to follow [his] own rules and procedures with respect to the claims of law asserted by the plaintiff herein[,]" (Dkt. #25, Brief at 2), so that there was no

---

[2]Rule 4(a) of the Federal Rules of Appellate Procedure establishes that, in a civil case to which a federal officer is a party, the time for appeal does not end until sixty days after "entry of judgment," and that a judgment is considered entered for purposes of the rule only if it has been "entered in compliance with Rul[e] 58 . . . of the Federal Rules of Civil Procedure." FED. RULES APP. PROC. 4(a)(1), (7).

substantial justification for the Commissioner's decision in this case, and an order of attorney's fees under the EAJA is appropriate here.

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(B), plaintiff presents to the Court an affidavit and itemized statement of fees, in which his hourly rate, due to inflation, is increased to $174.24 for 2010; plaintiff has not sought additional adjustment above the inflation-adjustment lodestar rate. (Dkt. #25, Counsel's Aff't ¶ 8 & Time Records).[3] Plaintiff seeks a total award of $4,687.06 for 26.90 hours of work spent on this case from April 23, 2010 to July 6, 2010. (Time Sheet).[4] Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Justice Act (Dkt. #25) is <u>granted in the amount of $4,687.06</u>.

---

[3]The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of a qualified attorney for the proceedings involved, justified a higher fee . . . ." 28 U.S.C. § 2412(d)(2)(A). The term "cost of living," which is not defined by the EAJA, is properly measured by the Consumer Price Index ["CPI"]. See Harris v. Sullivan, 968 F.2d 263, 264-66 (2d Cir. 1992). However, "[a] district court has discretion whether to grant cost of living increase in statutory hourly rate cap for an attorney fee award under the EAJA, and the increase in the consumer price index does not mandate an increase." Green-Younger v. Barnhart, No. Civ. 3:99 CV 1425(CFD), 2004 WL 2377224, at *5 (D. Conn. Sept. 30, 2004)(citations omitted).

[4]As this Magistrate Judge noted earlier this month in her Ruling on Plaintiff's Motion for Attorney's Fees in Acevedo v. Astrue, No. 3:09 CV 1927(JBA)(JGM), at 4, n.5 (D. Conn. Jan. 3, 2011):

> To conclude that plaintiff's hourly rate is reasonable is an understatement, as plaintiff's hourly rate is below the rate of $180/per hour for 2009 which this Court and this District has repeatedly found reasonable. See Palozie v. Astrue, 3:08 CV 1655 (CSH)(JGM), at 5-6 (D. Conn. Feb. 25, 2010); Gisondi v. Astrue, No. 3:06 CV 968(VLB)(TPS)(D. Conn. Oct. 23, 2008)(no objection to fees); Rivera v. Astrue, No. 3:07 CV 1049(SRU)(WIG), 2009 WL 2982647, at *1 (D. Conn. Jun. 18, 2009)(no objection to rate); Serrano v. Astrue, No. 07 CV 1299(CFD)(TPS)(D. Conn. Apr. 28, 2009)(absent objection); Roth v. Astrue, No. 3:08 CV 436(SRU)(WIG)(D. Conn., filed Apr. 28, 2009)(no objection to rate). See also Ericksson v. Astrue, No. 3:00 CV 2221(VLB)(HBF), at 7 (D. Conn. Jan. 11, 2010).

See 28 U.S.C. §636(b)**(written objection to ruling must be filed within fourteen days after service of same)**; Fᴇᴅ. R. Cɪᴠ. P. 6(a), 6(e), & 72; Rule 72.2 of the Local Rule for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit)**.

Dated this 31st day of January, 2011 at New Haven, Connecticut.

    **/s/ Joan G. Margolis, USMJ**
Joan Glazer Margolis
United States Magistrate Judge